**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KYLE R. RETZLAFF,
              Appellant,

              v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
CH-0752-14-0375-I-1

DATE: February 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Stephen T. Fieweger</u>, Davenport, Iowa, for the appellant.

<u>Shannon L. McCurdy</u>, Rock Island, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        After the appellant exhausted his administrative remedies before the agency's Consolidated Adjudication Facility and Personnel Security Appeals Board with regard to the revocation of his security clearance, the agency removed the appellant, a GS-12 Security Officer in the agency's Rock Island District, on a single charge of failure to maintain a condition of employment, specifically, his security clearance.  Initial Appeal File (IAF), Tab 7, Subtabs 4b-4c, 4f-4i.  The appellant filed a Board appeal of the agency's action, and subsequently withdrew his request for a hearing.  IAF, Tabs 1, 13.  As noted above, the administrative judge affirmed the appellant's removal.   IAF, Tab 17, Initial Decision (ID).  In his petition for review, the appellant reiterates his argument that his actual job duties, as opposed to his position description, did not require a security clearance.  Petition for Review (PFR) File, Tab 1, *see* IAF, Tab 15 at 8-9.  The agency responds in opposition.  PFR File, Tab 3.

¶3        In an appeal of a removal action under chapter 75 based on the revocation of a security clearance, the Board may not review the merits of the underlying clearance determination.  ID at 3; *see Department of the Navy v. Egan*, 484 U.S. 518, 526-30 (1988); *Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶¶ 7-8

(2014). Rather, the Board only has the authority to review whether: (1) the appellant's position required a security clearance; (2) the clearance was denied, revoked, or suspended; and (3) the appellant was provided with the procedural protections specified in 5 U.S.C. § 7513(b). *E.g.*, *Ulep v. Department of the Army*, 120 M.S.P.R. 579, ¶ 4 (2014) (citing *Hesse v. Department of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000), and *Egan*, 484 U.S. at 526-30). Agencies must also comply with the procedures set forth in their own regulations. *Ulep*, 120 M.S.P.R. 579, ¶ 4.

¶4      On the written record, the administrative judge found that: (1) the appellant's position required a security clearance; (2) the agency revoked the appellant's security clearance; (3) the agency provided the appellant with the procedural protections specified in 5 U.S.C. § 7513; and, (4) no agency policy, rule, or regulation provided the appellant with a substantive right to be reassigned to a position not requiring a security clearance. ID at 2-3. The appellant essentially conceded the second, third, and fourth points set forth above, and focused his arguments on, whether his position required a security clearance and on whether the agency adhered to its own regulations in revoking his security clearance. IAF, Tab 15 at 8-10; *see* ID at 2.

¶5      As for the agency's own regulations, the administrative judge found that the agency's reviewing authority explicitly considered the factors set forth in Army Regulation 380-67 in determining whether to revoke his security clearance. ID at 3; *see* IAF, Tab 5, Subtab 4i. Moreover, the administrative judge correctly noted that such considerations, because they concern the substance of the underlying security clearance determination, are outside the Board's review authority. ID at 3-4; *Egan*, 484 U.S. at 530-31. The appellant does not challenge this finding in his petition for review.

¶6      As for whether the appellant's position required a security clearance, the appellant admitted, and the record indicates, that his position description reflects that a security clearance is required for his position. IAF, Tab 15 at 8; *see* IAF,

Tab 5, Subtab 4a at 5. Nevertheless, he reiterates as his sole argument on review that a security clearance was not actually necessary because he had been able to perform the assigned daily duties and responsibilities of his position without the need for a security clearance from the time of his return from active military duty in October 2011 until his suspension in May 2012. PFR File, Tab 1. However, such an argument is also beyond the scope of the Board's authority to consider. As the administrative judge correctly determined, the Board may not review the propriety of the agency's decision that the position requires a security clearance. ID at 2-3 (citing *Skees v. Department of the Navy*, 864 F.2d 1576, 1578 (Fed. Cir. 1989) ("If the Board cannot review the employee's loss of security clearance, it is even further beyond question that it cannot review the Navy's judgment that the position itself requires the clearance.")).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.